UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
OCTAVIA OSMOND, VALENCIA CURTIS &
JAMEL CHISOLM,

                Plaintiff(s),

v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DETECTIVE
VINCENT BARESE, Shield # 1540,
Narcotics Borough Brooklyn North,
NEW YORK CITY POLICE DETECTIVE
FAWAD KHAN, Shield # 7739
Narcotics Borough Brooklyn North,
NEW YORK CITY POLICE CAPTAIN
JOHN DOE, 81st Precinct,

                Defendant(s).
--------------------------------------------------------X

**CV 14-7550**
**COMPLAINT &**
**JURY DEMAND**

GERSHON, J.

POLLAK, M.J.

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which the Plaintiffs, OCTAVIA OSMOND, VALENCIA CURTIS and JAMEL CHISOLM, seek redress for the Defendant's violation of their rights secured by the Civil Rights Act of 1866 and 1871, Section 42 U.S.C. 1983, and of the rights secured by the Fourth and Fifth Amendments and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiffs' claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. Plaintiffs, OCTAVIA OSMOND, VALENCIA CURTIS and JAMEL CHILSOLM, are United States citizens and residents of the United States, and are and at all times relevant herein residents of the State of New York.

8. Defendants NEW YORK CITY POLICE DETECTIVES VINCENT BARESE, Shield # 1540, and FAWAD KHAN, Shield Number 7739, upon information and belief of Narcotics Borough Brooklyn North, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant(s) DETECTIVES BARESE and KHAN are sued individually and in their official

capacities. At all times relevant Defendant(s) DETECTIVES BARESE and KHAN were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendant(s) DETECTIVES BARESE and KHAN were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant NEW YORK CITY POLICE CAPTAIN JOHN DOE, upon information and belief of the 81st Precinct, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant, CAPTAIN DOE is sued individually and in his official capacity. At all times relevant, Defendant CAPTAIN DOE was acting under color of State Law in the course and scope of his duties and functions as agent, servant, employee and officer of THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant CAPTAIN DOE was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF

NEW YORK

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by its agency, THE NEW YORK CITY POLICE DEPARTMENT.

11. THE NEW YORK CITY POLICE DEPARTMENT, while not a named party, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

12. On Thursday, February 21, 2013 at approximately 5:45 a.m. Plaintiffs were at 234 Ralph Avenue, inside apartment number 4E, in Kings County, when several members of the NEW YORK CITY POLICE DEPARTMENT, including named Defendant NEW YORK CITY POLICE DETECTIVE VINCENT BARESE, forcefully entered the apartment using a battering ram and wearing riot gear. Defendant(s) Detective BARESE, Detective KHAN, accompanied by NEW YORK CITY POLICE OFFICERS CHRISTOPHER JENNINGS and EDISON GUTIERREZ and other members of the NEW YORK CITY POLICE DEPARTMENT, upon information and belief also of Narcotics Borough Brooklyn North, with weapons drawn, proceeded to hold a firearm six inches from the face of Plaintiff OCTAVIA OSMOND, despite Plaintiff OSMOND repeatedly informing the Officers that

she was five months pregnant. Plaintiff OSMOND was arrested by Defendant DETECTIVE BARESE and subsequently placed in an unheated NYPD van wearing little clothing, without being allowed to put on a coat, for approximately three to four hours before being transported to Woodhull Hospital for medical treatment. Plaintiff OSMOND was eventually arraigned upon a Criminal Court Complaint, sworn to by named Defendant NEW YORK CITY POLICE DETECTIVE BARESE, which charged Plaintiff OSMOND with various Penal Law Offenses, all of which were subsequently dismissed by the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE. As a result of Plaintiff OSMOND's prolonged exposure to the cold by named Defendants and other members of THE NEW YORK CITY POLICE DEPARTMENT, Plaintiff OSMOND began to bleed vaginally, resulting in additional medical treatment at local area hospitals in March 2013, and which ultimately resulted in loss of the pregnancy by Plaintiff OCTAVIA OSMOND. Plaintiff VALENCIA CURTIS was also handcuffed, searched and arrested by members of the NEW YORK CITY POLICE DEPARTMENT, one of whom forced Plaintiff CURTIS to remove her wig which had been affixed to Plaintiff CURTIS' scalp by a hairdresser, the removal of which caused Plaintiff CURTIS extreme physical pain and humiliation. Plaintiff CURTIS was held in the custody of THE NEW YORK CITY POLICE DEPARTMENT for several hours prior to being released from custody after her arrest was voided by THE NEW YORK CITY POLICE DEPARTMENT prior to Plaintiff CURTIS being seen by a Judge. As a result of the search of Plaintiff CURTIS' apartment, numerous personal items and belongings of Plaintiff CURTIS were destroyed and damaged by the named Defendant Detectives and other members of the NEW YORK CITY POLICE DEPARTMENT. Plaintiff JAMEL CHISOLM

was also searched and placed under arrest by named Defendant DETECTIVE KHAN, with Plaintiff CHISOLM'S wrists handcuffed extremely tightly behind his back, causing intense pain to Plaintiff CHISOLM, whose complaints about the handcuffs were ignored by the named Defendant Detectives and other members of THE NEW YORK CITY POLICE DEPARMTENT. Plaintiff CHISOLM was subsequently accused of violations of the New York State Penal law by named Defendant DETECTIVE BARESE, which charges were subsequently dismissed by THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE. All three Plaintiffs were subjected to search and arrest by the named Defendant Detectives despite the fact that none of the named Plaintiffs were named at targets in the search warrant obtained by the named Defendant Detectives or any other members of THE NEW YORK CITY POLICE DEPARTMENT, prior to entering the apartment, and despite the fact that the target of the search warrant was present and was arrested at the same time as the Plaintiffs.

### Second Incident (Plaintiff VALENCIA CURTIS)

13. On March 22, 2013 at approximately 6:30 p.m., Plaintiff VALENCIA CURTIS went to the 81st Precinct to inquire about her son, Tyshawn Burgess, who had been placed under arrest earlier in the day for allegedly jay walking. Upon asking the officer at the desk about her son, ranking Officer, upon information a Captain, herein identified as Defendant NEW YORK CITY POLICE CAPTAIN JOHN DOE, immediately cursed at the Plaintiff and ordered her to get out of the precinct before Plaintiff was placed under arrest. Upon information and belief, when Plaintiff asked Defendant CAPTAIN DOE what he said, Defendant CAPTAIN DOE, repeated himself, then came around to where the Plaintiff was standing, accompanied by approximately five members of THE NEW YORK CITY POLICE DEPARTMENT including a female officer. Defendant CAPTAIN

DOE, proceeded to grab Plaintiff by her right arm, twisted it behind Plaintiff's back and forced Plaintiff to the ground, placing his knee in the Plaintiff's back while she was laying on the floor of the precinct, causing Plaintiff CURTIS extreme physical pain. The Plaintiff was then handcuffed and transported to Woodhull Hospital by members of THE NEW YORK CITY POLICE DEPARTMENT. After being held in custody for several hours at the hospital, Plaintiff CURTIS was released from custody without any criminal charges being filed by Defendant NEW YORK CITY POLICE CAPTAIN JOHN DOE.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest**

14. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Thirteen (13) as if fully set forth herein.

15. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE VINCENT BARESE acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully arresting and detaining Plaintiffs OCTAVIA OSMOND, VALENCIA CURTIS and JAMAL CHISOLM, without probable cause.

16. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE BARESE occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiffs.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

17. The Plaintiffs incorporate by reference each of the allegations contained in paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE FAWAD KHAN, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully handcuffing, arresting and detaining Plaintiffs OCTAVIA OSMOND, VALENCIA CURTIS and JAMAL CHISOLM without probable cause.

19. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE FAWAD KHAN occurred in and during the course of the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiffs.

## THIRD FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to The United States Constitution-Excessive Force**

20. The Plaintiffs incorporate by reference the allegations set forth in paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE FAWAD KHAN acting under the color of State Law, violated Section 42 U.S.C. 1983 by unlawfully using excessive force upon Plaintiff VALENCIA CURTIS by forcing the removal of Plaintiff's hairpiece without lawful reason or cause.

22. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE FAWAD KHAN, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff CURTIS.

## FOURTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to The United States Constitution-Excessive Force**

23. The Plaintiffs incorporate by reference the allegations contained in paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE VINCENT BARESE, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using excessive force during and after the arrest of Plaintiff OCTAVIA OSMOND without lawful reason or cause by denying Plaintiff OSMOND access to adequate clothing during her detention, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff OSMOND.

25. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE VINCENT BARESE, occurred in and during the scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FIFTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force**

26. The Plaintiffs incorporate by reference the allegations contained in paragraphs One through Twenty Five (25) as if fully set forth herein.

27. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVES BARESE and KHAN, acting under the color of State law, violated Section 42 U.S.C. by unlawfully using excessive force against Plaintiff JAMAL CHISOLM, by applying handcuffs to Plaintiff JAMELCHISOLMS' wrists with such force that pain and injury resulted without lawful reason or cause.

28. That the actions of Defendants NEW YORK CITY POLICE DETECTIVES BARESE and KHAN occurred during the scope of their employment duties and functions as New York City Police Officers and while acting as agents, employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## SIXTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C 1983 and the Fourth and Fourteenth Amendment to the United States Constitution-False Arrest and Excessive Force**

29. The Plaintiffs incorporate by reference the allegations set forth in Paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE CATAIN JOHN DOE, acting under color of State Law violated Section 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution by unlawfully arresting Plaintiff VALENCIA CURTIS without lawful reason or cause, and twisting Plaintiff CURTIS' arm, forcing her to the floor and placing a knee in Plaintiff CURTIS' back. Resulting in the aforementioned and hereinafter mentioned harm to Plaintiff CURTIS.

31. As a consequence of the actions of Defendant NEW YORK CITY POLICE CAPTAIN JOHN DOE Plaintiff was forced to suffered fear, anger, humiliation, mental and emotional distress, and fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

**WHEREFORE,** the Plaintiffs demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against Defendant(s) New York City Police Detectives VNCENT BARESE, FAWAD KHAN and NEW YORK CITY POLICE CAPTAIN JOHN DOE, of Narcotics Borough Brooklyn North and the 81st Precinct.

3. Punitive Damages against Defendant New York City Police Detectives BARESE and KHAN and Captain JOHN DOE of Narcotics Borough Brooklyn North and the 81st precinct.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiffs are entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 29, 2014

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiffs
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com